**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

ROMA DELAWDER,
        as Executrix of the Estate of
        George E. Delawder, deceased.

                        Appellant,

v.                                      CIVIL  ACTION  NO.  3:06-0691

BETTY LOU MYNES,

                Appellee.

**MEMORANDUM ORDER AND OPINION**

        Pending before the Court is the interlocutory appeal of the Appellant Roma Delawder, as the Executrix of the Estate of George E. Delawder, deceased, from the judgment entered by the Bankruptcy Court for the Southern District of West Virginia on June 30, 2006.  For the following reasons, the Court **AFFIRMS** the decision of the Bankruptcy Court and **REMANDS** this case back to the Bankruptcy Court for further proceedings.

        Appellant is the only child of George E. Delawder, who died testate, on September 14, 2003.  In his will, the decedent left his entire estate to Appellant.  Prior to his death, Mr. Delawder lived with, but was not married to, Appellee Betty Lou Mynes.  Two days before his death, Mr. Delawder was accompanied by Appellee and Terry Basenback to a bank in which Mr. Delawder cashed a certificate of deposit in the amount of $69,609.00.  It is undisputed that the bank placed the money in a brown paper bag and gave it to Mr. Delawder in the presence of Appellee and Mr. Basenback.  It is further undisputed that Appellee and Mr. Basenback took Mr. Delawder home and Mr. Basenback helped Appellee get Mr. Delawder to the door.  Mr. Basenback then went back

to the vehicle, and Appellee helped Mr. Delawder into bed.  Appellee then left with Mr. Basenback.
Mr. Delawder was left alone in the house.  Upon Mr. Delawder's death, the money was nowhere to
be found.  Believing Appellee took the money, Appellant filed a state court action on behalf of Mr.
Delawder's estate against Appellee to recover the funds.

During the trial in state court held on August 30, 2005, Appellee testified that Mr.
Delawder set the money on a chest in his bedroom when she was helping him.  She stated that when
she was leaving with Mr. Basenback, James Delawder pulled up in front of the house.  Appellee said
she was gone for about forty-five minutes to an hour before she returned to the house.  Appellee
testified that she never saw the money again, never asked about its whereabouts, never looked for
the money, and never reported it missing.  Appellee also stated that she did not take the money and
did not put it any kind of depository.

Mr. Basenback testified that when Appellee left the house, he noticed that she had
a brown bag sticking out of her purse.  He also stated that he did not see James Delawder drive up
to the house as alleged by Appellee.  James Delawder testified that he did not go to the house on the
day Appellee stated he was there.  In addition, he said he spoke with Appellee the next day and she
told him that Mr. Delawder withdrew the money from the bank and she took it and put it in her
safety deposit box.

Appellant claims that she was restricted in state court to pursuing a theory of conversion against Appellee.  At the close of the trial, the state court judge instructed the jury, in part, as follows:

### PLAINTIFF'S INSTRUCTION NO. 2

The jury is instructed that any distinct act of dominion, wrongfully exerted over the property of another, and in denial of his rights, or inconsistent therewith, may be treated as a conversion; and it is not necessary that the wrongdoer apply the property to his own use.  When such conversion is proved, by preponderance of the evidence, the Plaintiff is entitled to recover, irrespective of good faith or bad faith, care or negligence, knowledge or ignorance on the part of the Defendant.

Accordingly, if you find from the preponderance of the evidence, that the Defendant, Betty Mynes, so acted in regard to the cash of the late George Delawder, then you may find that she is guilty of conversion thereof, and find for the Plaintiff.

### DEFENDANTS' INSTRUCTION NO. 3

A conversion is the exercise of dominion over the personal property of another by a person who has no legal right.

### DEFENDANTS' INSTRUCTION NO. 4

Any distinct act of dominion wrongfully exerted over the property of another, and in denial of the other's rights, or inconsistent with those ownership rights, may be treated as a conversion, and it is not necessary that the wrongdoer apply the property to his own use.

On the Verdict Form, the jury was asked: "Do you find by a preponderance of the evidence that Betty Mynes converted the cash belonging to George E. Delawder and denied the Estate of George

-3-

E. Delawder of lawful ownership of the case?"  The jury checked "Yes" and awarded the Estate $69,609.00.  After the return of the verdict, Appellant waived her earlier request for the jury to consider a punitive damage award.

Shortly thereafter, on September 28, 2005, Appellee filed for relief under Chapter 7 of the Bankruptcy Act.  Appellant challenged the discharge of the judgment debt pursuant to 11 U.S.C. § 523(a)(6).  This section provides: "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity[.]" 11 U.S.C. § 523(a)(6).  Appellant argued that the finding of conversion in state court establishes a "willful and malicious injury" and, therefore, she is entitled to summary judgment based upon res judicata and collateral estoppel.  By Order entered on June 30, 2006, the Bankruptcy Judge denied the motion as it could not determine from the state court record "that the jury verdict was based on conduct sufficient to satisfy the criteria of 11 U.S.C. § 523(a)(6)[.]"  In addition, the Bankruptcy Court found that Appellee's legal arguments in opposition to the motion for summary judgment were sufficient for her to meet her burden of "going forward."  Appellant appeals from this decision.

This Court is vested with jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158 and Bankruptcy Rule 8001. The Court reviews the Bankruptcy Court's factual findings for clear error and its conclusions of law are reviewed *de novo*. *Green Tree Servicing, LLC v. Taylor*, Nos. 2:06-0086, 2:06-0156, 2007 WL 1009768, at *2 (S.D. W. Va. Mar. 30, 2007) (citations omitted). In her arguments to this Court, Appellant insists that the evidence at trial and the fact she established

-4-

conversion are sufficient to show that Appellee's actions were willful and malicious within the meaning of § 523(a)(6). However, for the following reasons, the Court disagrees and affirms the decision of the Bankruptcy Court.

In *Kawaauhau v. Geiger*, 523 U.S. 57 (1998), the Supreme Court stated that § 523(a)(6) only applies to "acts done with the actual intent to cause injury" and "nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." 523 U.S. at 61 (emphasis original). Here, the jury instructions given in the state court proceeding did not require the jury to find Appellee's actions were willful and malicious in order to find conversion. Likewise, there is nothing on the verdict form which indicates the jury's decision establishes willful and malicious actions by Appellee. Indeed, the Court may surmise from the fact that the trial judge was willing to put a separate question to the jury following the verdict as to whether punitive damages should be awarded indicates that the trial judge did not believe that the jury already resolved the question of intent and maliciousness. Although the Court does not fault Plaintiff for waiving her right to punitive damages in state court, the verdict rendered is ambiguous with respect to the question presented here. Clearly, the standard used to find conversion in state court was lower than the standard required to prove willful and malicious behavior under § 523(a)(6). In light of the evidence and the instructions given, the Court would have to speculate as to the jury's reasoning in reaching its verdict. As the possibility exists that the jury based its decision on something other than willful and malicious behavior as defined by § 523(a)(6), the Court agrees with the Bankruptcy Judge that summary judgment is inappropriate. *See In re Duncan*, 448 F.3d 725, 729-30 (4th Cir. 2006) (finding that the "willful and malicious" standard under § 523(a)(6)

is not met where the debtor was liable for wrongful death and punitive damages under Virginia law because either could be established by reckless conduct and the wrongful death also could be proven by showing a conscious disregard).

Accordingly, the Court **AFFIRMS** the June 30, 2006 Order of the Bankruptcy Court and **REMANDS** this action for further proceedings.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to the Honorable Judge Ronald G. Pearson, counsel of record and any unrepresented parties.

ENTER:          July 19, 2007

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE